[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] FINAL JUDGMENT AND ORDERS OF DISSOLUTION
After consideration of the evidence and after review and consideration of the statutory criteria for the granting of a dissolution of marriage the awarding of custody, visitation, child support, alimony and attorney fees and the dividing of the party's assets and liabilities, the court issues the following orders:
 1. Dissolution of Marriage.
The parties' marriage is dissolved because of the irretrievable breakdown of the marriage.
 2. Custody.
The parties shall have joint legal custody of their minor child and the wife shall have primary physical custody.
 3. Visitation.
The husband shall have liberal and reasonable visitation with the minor child pursuant to a yearly schedule agreed to by the parties.
 4. Child Support.
(a) The Child Support Guidelines are inapplicable because the parties' total income exceeds the income provisions of the guidelines. The court orders that the husband pay child support in the amount of $450 per week. The court has been guided in determining this amount of child support based on a percentage that is proportionately consistent with the parties' incomes and the amounts indicated under the guidelines. Child support shall terminate when the child completes the twelfth grade or attains the age of nineteen, whichever first occurs, as provided by CT Page 709 statute.
(b) The husband has expressed his willingness to assume payment of the children's college education expenses. The parties did not reach an agreement regarding college expenses as part of any settlement of this case and the father's acceptance of these college obligations were made as part of his proposed orders which the court has not fully adopted. Therefore, the court issues no orders regarding the payment of college expenses because such an order would be beyond the court's statutory authority. See C.G.S. § 46b-84.
(c) The husband shall be entitled to declare the minor child as a dependent on his tax returns for as long as his child support obligation continues.
 5. Health Insurance.
The parties shall provide health insurance for the minor child as available through their employment with the parties to determine which parent's insurance shall be primary. The parties shall split evenly all medical and health related expenses of the minor child not covered or reimbursed by insurance.
 6. Alimony.
(a) The husband shall pay to the wife periodic alimony in the amount of $500 per week.
(b) In addition to this alimony of $500 per week, for any year that the husband's gross income equals or exceeds $230,000 (as indicated on line 22 of his federal income tax return or its equivalent) he shall pay an additional amount equal to 3% of this total yearly gross income as follows. Beginning April 30, 1999 and for applicable years thereafter, the plaintiff shall complete his federal income tax return for the previous year or an estimate of his previous year's gross income and if this gross income equals or exceeds $230,000, he shall pay the wife 3% of this gross amount in 52 equal installments over the next year beginning in June of that year in addition to paying the $500 weekly periodic payments.
(c) The periodic alimony shall be paid for twelve years. Alimony described above shall terminate upon the death of either party, the wife's remarriage or the wife's cohabitation as CT Page 710 defined by statute.
(d) The husband shall pay to the wife $10,000 as lump sum alimony which may be applied by the wife against her outstanding attorney fees. This lump sum payment shall be made within sixty days.
 7. Property Divisions.
(a) The parties shall list for sale the marital home located at 60 Maple Drive, Woodbridge, Connecticut, when the minor child graduates from high school or becomes nineteen years old whichever first occurs. The net proceeds from the sale of the premises shall be split between the parties with the husband receiving 40% and the wife receiving 60% of these proceeds. The wife shall be responsible for the payment of the monthly mortgage and property taxes on the home until the property is sold and the wife shall indemnify and hold the husband harmless from any claims regarding the mortgage and taxes. The wife shall retain all of the furnishings and fixtures in and to said premises with the exception of any items that may be transferred to the husband to the parties' mutual consent.
(b) The parties shall each retain his or her respective 1996 Nissan Altima motor vehicle. The parties shall execute documents necessary to transfer their respective interests in each other's vehicles within 60 days. The husband shall retain his 1991 Ford Mustang motor vehicle.
(c) The parties shall equally divide the stocks, bonds and mutual funds listed on the husband's financial affidavit totaling $55,589.13. The wife shall retain the funds in the parties' joint savings account and joint checking account.
(d) The parties shall divide equally the deferred compensation plans listed on their respective financial affidavits, jointly with rights of survivorship, through Qualified Domestic Relations Orders or such other documents consistent with the terms of these plans. These documents shall be executed by the parties' attorneys for the court to review within sixty days.
(e) Except as otherwise ordered herein, the parties shall retain all of the assets in their possession as listed and identified on their respective financial affidavits. CT Page 711
 8. Liabilities and Debts.
Except as specifically allocated by this order, each party shall be responsible for those debts and other liabilities as set forth on their respective financial affidavits.
 9. Life Insurance.
The husband shall procure and maintain life insurance so long as he is obligated to pay child support on his life in the face amount of not less than $150,000 naming the minor child as beneficiary; thereafter the husband shall maintain life insurance on his life in the face amount of not less than $150,000 naming the wife as beneficiary for as long as he is obligated to pay alimony.
 10. Counsel Fees.
Each party shall be solely responsible for his or her respective counsel fees and costs incurred as part of this action.
 11. General Orders.
The parties shall cooperate with each other in the execution of all documents necessary to effectuate the orders issued herein. The child support of $450 per week and the periodic alimony of $500 per week shall be paid through a wage withholding. The court adopts and incorporates herein the parties' stipulation dated April 8, 1998 and approved by the court on June 3, 1998 regarding the parties' 1997 income tax returns. By April 30 of every year beginning April 30, 1999 the parties shall exchange individual income tax returns.
So ordered, dated January 6, 1999.
Stevens, J.